**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**1:26-cv-00265-MOC**

| | | |
|---|---|---|
| **JAMES D. SISK, et al.,**<br><br>**Plaintiffs,**<br><br>**vs.**<br><br>**TRANSYLVANIA COUNTY DETENTION CENTER, et al.,**<br><br>**Defendant.** | ) | **MEMORANDUM OF DECISION AND ORDER ON INITIAL REVIEW** |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1], filed under 42 U.S.C. § 1983, see 28 U.S.C. §§ 1915(e) and 1915A, and Plaintiff's "Request for Supplies" [Doc. 3], which the Court construes as a motion for copies. Plaintiff is proceeding in forma pauperis. [Doc. 2, 7].

## I. BACKGROUND

Pro se Plaintiff James D. Sisk ("Plaintiff") is currently detained at the Transylvania County Detention Center ("TCDC") in Brevard, North Carolina. He filed this action on August 25, 2026, pursuant to 42 U.S.C. § 1983, purportedly on behalf of himself and "a class of all pretrial detainees" housed at TCDC, including Robert T. Leonard.[1] [Doc. 1; id. at 7-8]. Plaintiff names the TCDC, Sheriff C. Owenby, 12 individual officers, the "medical staff at TCDC," "any and all other officers" working at TCDC presumably on May 29, 2026, and State Farm Insurance Company as Defendants. [Id. at 1]. Plaintiff does not allege the capacities in which he sues the individual Defendants.

[1] Mr. Leonard is the only other purported Plaintiff who signed the Complaint. [See Doc. 1 at 12]. The Court will instruct the Clerk's Office to add Leonard as a named Plaintiff in this action.

Plaintiff alleges as follows.

Caution signs are not used at TCDC to warn detainees of wet surfaces, including near showers, spills, or recently mopped areas. 98% of the floors in the pods have slick surfaces. Detainees are provided foot ware made of soft foam material, many of which are reused, worn out and lack grip or traction. [Id. at 9]. On or about May 29, 2026, Plaintiff fell unexpectedly, hitting the floor "very hard." More than two hours passed before Plaintiff received medical attention. [Id.]. He continues to suffer from back pain, "rotator cups," a pinched nerved, traumatic brain injury, headaches, loss of sleep, and numbness in his lower limbs. [Id. at 9-10]. Medical and TCDC staff have ignored his requests for follow-up treatment and an MRI. [Id. at 10].

Plaintiff claims violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments.[2] [Id. at 8]. Plaintiff alleges having suffered various physical injuries from his fall. [Id. at 9-10]. Plaintiff seeks monetary and injunctive relief, including relief having no relation to the matters at issue here. [See id. at 10-12].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as

[2] The Court will address only those claims fairly raised by Plaintiff's Complaint.

fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

"[A] pretrial detainee has a right under the Due Process Clause to be free from punishment before his guilt is adjudicated." Tate v. Parks, 791 Fed. App'x 387, 390 (4th Cir. 2019) (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)). An individual pretrial detainee may raise a substantive due process challenge to his conditions of confinement "where they are so disproportionate or arbitrary that they are not related to legitimate penological objectives and amount to punishment." Id. (citing Williamson v. Stirling, 912 F.3d 154, 174-76 (4th Cir. 2018)). "To prevail on such a claim, a detainee must show that the challenged treatment or conditions were either (1) imposed with an express intent to punish, or (2) not reasonably related to a legitimate nonpunitive objective, in which case an intent to punish may be inferred." Id. (citing Williamson, 912 F.3d at 178).

A pretrial detainee's claim based on deliberate indifference to a serious medical need is properly brought pursuant to the Fourteenth Amendment. Short v. Hartman, 87 F.4th 593, 611 (4th Cir. 2023). To state such a claim, a plaintiff must allege that:

> (1) they had a medical condition or injury that posed a substantial

> risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had the condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed.

Id. at 611. Under this standard, "the plaintiff [need not] show that the defendant had actual knowledge of the detainee's serious medical condition and consciously disregarded the risk that their action or failure to act would result in harm." Id. "[I]t is enough that the plaintiff show that the defendant acted or failed to act 'in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known.'" Id. (quoting Farmer v. Brennan, 511 U.S. 825, 836, 114 S.Ct. 1970 (1994)). It remains, however, insufficient "for the plaintiff to allege that the defendant negligently or accidentally failed to do right by the detainee." Id. at 611-12.

Moreover, to establish liability under 42 U.S.C. § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of [his] rights." Williamson, 912 F.3d at 171 (cleaned up); see Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). Mere knowledge of a deprivation is insufficient. Williamson, 912 F.3d at 171. As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell, 436 U.S. at 694.

To begin, the Complaint lacks any allegations by or related to Plaintiff Leonard. The Court, therefore, will dismiss any claims Plaintiff Leonard purports to bring on his own behalf. Furthermore, a jail is not a "person" subject to suit under § 1983. See Brooks v. Pembroke Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989). As such, Plaintiff Sisk has failed to state a claim against Defendant TCDC. Sisk also fails to make any particular allegations against any named Defendant. Sisk, therefore, has failed to state a claim for relief against any Defendant. Even if Sisk had alleged particularized conduct by any Defendant, he has nonetheless failed to state any claim for relief

here.

Taking Sisk's allegations as true and giving him the benefit of every reasonable inference, Sisk has failed to state a claim under the Fourteenth Amendment or otherwise. Sisk's allegations, at best, implicate a possible negligence claim based on the failure to place caution signs, assuming that such failure caused his fall, which he does not allege. A claim of negligence is not colorable under § 1983. See Daniels v. Williams, 474 U.S. 327, 328–36 & n.3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-348 (1986); Estelle v. Gamble, 429 U.S. 97, 106 (1976). Additionally, Sisk states that more than two hours passed before he received medical treatment for his injuries and that he has been denied follow-up care. A two-hour delay in care is not sufficient to state a Fourteenth Amendment medical deliberate indifference claim. Nor does Plaintiff allege that any delay caused an unjustifiably high risk of harm or which Defendant or Defendants were responsible for the alleged delay, in any event. Finally, Sisk's allegations regarding the lack of follow-up care fail to show that any Defendant intentionally or recklessly failed to act in response to a condition posing a substantial risk of serious harm. The Court will, therefore, dismiss these claims.

To the extent Plaintiff seeks to state a conditions of confinement claim based on the shoes provided to detainees at TCDC, his allegations are plainly insufficient to implicate his substantive due process rights. Moreover, Plaintiff does not allege that he was personally affected by or suffered any injuries from said condition. The Court will also dismiss this claim.

Finally, as a pro se inmate, the Plaintiff is not qualified to prosecute a class action or assert a claim on behalf of others. See Myers v. Loudoun Cnty. Pub. Schls., 418 F.3d 395, 400 (4th Cir. 2005) ("An individual unquestionably has the right to litigate his own claims in federal court.... The right to litigate for oneself, however, does not create a coordinate right to litigate for others");

Hummer v. Dalton, 657 F.2d 621, 625 (4th Cir. 1981) (prisoner's suit is "confined to redress for violations of his own personal rights and not one by him as knight-errant for all prisoners"); Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action."). Therefore, to the extent that the Plaintiff has attempted to assert claims on behalf of others, they are dismissed.

## IV. MOTION FOR COPIES

Also pending is Sisk's motion for copies. [Doc. 3]. Sisk asks the Court to provide him with copies of "all filings to the Plaintiff and his Drafts man," postage, and writing supplies free of charge. [Id.]. Sisk states that he and his draftsman lack funds as pretrial detainees. [Id.]. The Court will deny Plaintiff's motion for copies without prejudice. A litigant is ordinarily required to pay his own litigation expenses, even if he is indigent. See United States v. MacCollom, 426 U.S. 317, 321 (1976) ("The established rule is that the expenditure of public funds is proper only when authorized by Congress…."). The Court is not a copying service, nor does it provide litigants with supplies to litigate their cases. If Sisk needs copies of documents filed in the docket in this matter, he may pay for the copies he seeks at the standard rate of $.50 per page. See https://www.ncwd.uscourts.gov/court-fees.

Sisk also asks the Court to order TCDC to provide more effective law library access to detainees. [Doc. 3]. The Court is without authority in this action to make such an order, which is unrelated to the subject of the instant Complaint in any event.

## V. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend

his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint [Doc. 1] fails initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B) for Plaintiff's failure to state a claim for relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion [Doc. 3] is **DENIED** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that all Defendants are hereby **DISMISSED** as Defendants in this matter.

The Clerk is respectfully instructed to add Robert T. Leonard as a Plaintiff in this matter and to mail both Plaintiffs a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: October 30, 2026

Max O. Cogburn Jr
United States District Judge